`                    UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT


                        _____

                             No. 98-10172
                            Summary Calendar
                        _____


                        LUCIAN R. HENDERSON,

                                                Plaintiff-Appellant,

                                  v.

                        ABILENE REGIONAL MHMR CENTER,
                         WILLIAM V. LIVINGSTON, and
                            ROSCOE C. HOLLIDAY

                                                Defendants-Appellees.


_____

                Appeal from the the United States District Court
                     for the Northern District of Texas
                             (1:97-CV-55)
_____

                           September 25, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[1]

        Appellant Henderson claims that his termination from
employment at the Abilene Regional MHMR Center was illegally
motivated by discrimination.  He appeals the district court's grant
of summary judgment in favor of Appellees and the denial of his
motion for judgment as a matter of law (treated below as a motion
for summary judgment).  Because we agree that Henderson has not

_____

        [1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

adduced specific facts sufficient to support a finding of discrimination, we affirm.

We review de novo a grant of summary judgment in an employment discrimination case. See Bodenheimer v. PPG Indus., Inc., 5 F.3d 955, 956 (5th Cir. 1993).

Henderson was a 40-year-old black male when his employment at the Center was terminated in June 1995. He was replaced by a younger white female. His complaint in this suit alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964. In addition, his pro se complaint and subsequent briefs make general references to age and sex, although these were not mentioned in the charge of discrimination he filed with the E.E.O.C.; nor does his complaint mention the Age Discrimination in Employment Act.

Nevertheless, the procedural framework necessary to determine this case would be the same for race, sex, or age discrimination. See Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 992 n.3 (5th Cir. 1996) (en banc). Under any of these allegations, Henderson, as the plaintiff, has failed to prove facts sufficient to meet his burden under the three-step McDonnell Douglas-Burdine framework.

Under that framework, the plaintiff must first make out a prima facie case of discrimination. See Rhodes, 75 F.3d at 992. Then the defendant may rebut the resulting inference of discrimination by articulating a legitimate, non-discriminatory reason for the discharge. Id. at 992-93. Finally, the plaintiff

must prove not only that "the employer's reasons were not the true reason for the employment decision," but also that "unlawful discrimination was." Bodenheimer, 5 F.3d at 957.

The Center has met its second-step burden of articulating legitimate reasons for the termination. The letter notifying Henderson of his imminent termination, and his subsequent meeting with the executive director, focused primarily on the intimidating statements Henderson made to a witness in a legally-required client abuse investigation. In addition, the executive director's affidavit states that his determination to fire Henderson was also motivated by the nearly simultaneous discovery that Henderson had been convicted of a felony before he came to work for the Center and had failed to disclose this on his employment application.[2]

Henderson has not adduced facts to show that these reasons are pretexts for prohibited discrimination. He contends that the proffered reasons are pretextual by disputing the facts underlying the original allegation of his interference in the client abuse investigation and by arguing that the felony was not officially invoked as a justification until after he was fired. Even if these arguments were sufficient to show pretext, Henderson

---

[2]Henderson contends that the felony was an after-the-fact rationalization for his termination because it was not explicitly given as a reason until the grievance hearing held two months after his termination. Although not enumerated at the time, the felony and failure to disclose it were apparently known to the executive director when he made the final decision (App. Record at 157-8). Such questions, however, go to credibility, which is irrelevant in determining the employer's fulfillment of its second-step burden. See Bodenheimer, 5 F.3d at 958 ("The employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be.").

3

provides insufficient facts to prove that the pretext masks unlawful discrimination.

At bottom, Henderson's claims of race or age discrimination are sorely lacking in any of the "specific facts" that are necessary to avoid summary judgment. FED. R. CIV. P. 56(e). Apart from broad statistics about the makeup of the Center's small staff and inadmissible evidence of statements by an employee not involved in the termination decision, Henderson has provided only conclusory allegations and unsubstantiated assertions of subjective belief, which "are inadequate to satisfy the nonmovant's burden." Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415,1429 (5th Cir. 1996) (en banc). Henderson has not met his burden of producing evidence sufficient "to allow a jury to infer that the actual reason for the discharge was discriminatory." Rhodes, 75 F.3d at 994. Thus, defendants' summary judgment motion must succeed, and Henderson's must fail.

Henderson also presents a smorgasbord of purported abuses of discretion or errors by the district court (e.g., "Prejudicial supervision of this case," "Consideration of inadmissible evidence," "Failing to provide Pro Se Litigant, revisions of The Local Rules"). We have examined each of these contentions and find no abuse of discretion or reversible error.

For these reasons, the judgment of the district court is AFFIRMED.